**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1930-19

JULIO PINA-CATENA,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.

_____

Submitted March 24, 2021 – Decided April 21, 2021

Before Judges Rose and Firko.

On appeal from the New Jersey Department of Corrections.

Julio Pina-Catena, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Daniel S. Shehata, Deputy Attorney General, on the brief).

PER CURIAM

Julio Pina-Catena is an inmate serving an aggregate sentence of twenty-one years with a fourteen-year and five-month mandatory minimum term for aggravated assault and other crimes. He appeals from an August 5, 2019 final decision of the Department of Corrections (DOC), denying his claim for reimbursement of lost, damaged or stolen property. Pina-Catena maintains "corrupt and rogue corrections officers" stole his property while packing it for transfer from South Wood State Prison (SWSP) to New Jersey State Prison (NJSP). We affirm.

On February 28, 2019, Pina-Catena was transferred from SWSP to NJSP. On March 26, 2019, Pina-Catena submitted Form 943-I to the DOC's Correctional Facility Claims Committee, certifying the following eight items of personal property were lost, damaged or destroyed during the transfer: (1) Sony Walkman; (2) LED book light; (3) glasses; (4) shave and trim kit; (5) comb kit; (6) surge protector; (7) wrist band; and (8) knee brace. Pina-Catena provided receipts for all items, except the glasses, wrist band, and knee brace.

Pina-Catena certified the "SWSP [p]ackage [i]nventory [s]lip proves [the] items were stolen/not packed." But the Committee's April 22, 2019 "checklist" indicates the eight items were not listed on the SWSP's March 7, 2019 inventory

sheet. The Committee's checklist also noted "radio altered" was handwritten on the March 7, 2019 administrative segregation contraband property form.

In response to question eight of Form 943-I, which sought the "[n]ames of witnesses to the incident," Pina-Catena generally answered: "Speak to workers in [SWSP] who stole/did not pack the above items."

On July 30, 2019, the Committee issued a decision, denying Pina-Catena's claim. Citing N.J.A.C. 10A:2-6.2, the Committee determined its "[i]nvestigation revealed no negligence/fault by the correctional facility. Care was exercised by the facility staff to prevent property loss, damage or destruction." The Committee also found Pina-Catena failed to "provide necessary documentation that pro[v]ed authorized possession of the item(s) named in the claim. Sufficient information has not been supplied by the inmate, including property receipts, witnesses and investigative reports." On August 5, 2019, the DOC administrator issued a final decision, denying Pina-Catena's claim. This appeal followed.

In overlapping arguments on appeal,[1] Pina-Catena contends he was "denied due process and a fair review of his claim for lost, damaged or destroyed

---

[1] Pina-Catena's merits brief contains no point headings as required under Rule 2:6-2(a)(6).

property, by the arbitrary and capricious conduct of the [DOC]." Pina-Catena asserts the DOC denied his claim "without any investigation at all," including the failure to interview him "or any of his witnesses." Pina-Catena seeks a remand to the DOC to investigate his claim for: "(1) evaluation of evidence that [he] possessed the allegedly lost items; (2) an investigation of the packing of the property[;] (3) substantiation of ownership of the property[; and] (4) an investigation of the cause of the alleged loss of the property."

We have considered Pina-Catena's contentions in view of the record and applicable legal standards and find them to be without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following remarks.

Our scope of review of an agency decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Reviewing courts presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious, or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence'

means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

"A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)). But, an agency's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The DOC utilizes an inmate inventory sheet "to itemize all personal property in the inmate's possession . . . upon transfer." N.J.A.C. 10A:1-11.6(a). Once an inmate properly files a claim for lost, damaged, or destroyed personal property, the DOC must conduct an investigation and prepare a report. N.J.A.C. 10A:2-6.1(b). The report shall consist of, but not be limited to, "obtaining statements from the inmate, witnesses and correctional facility staff" and "verifying that the inmate was authorized to have and did in fact, possess the

personal property." Ibid. "Verification of possession of lost, damaged or destroyed personal property may be made by review of applicable documentation, such as the . . . [i]nmate [i]nventory [s]heet maintained by the correctional facility" pursuant to N.J.A.C. 10A:1-11. Ibid. Following completion of the investigation, the inmate's claim form and a copy of the investigative report must be submitted to the business manager of the correctional facility for review. N.J.A.C. 10A:2-6.1(c).

Before the claim is approved or denied, the DOC must consider:

1. Whether the investigation revealed any neglect by the correctional facility;

2. Whether care was exercised by facility staff to prevent property loss, damage or destruction;

3. Whether the inmate exercised care in preventing property loss, damage or destruction;

4. Whether it has been proven that the inmate was authorized to have and did, in fact, possess the item(s) named in the claim;

5. Whether sufficient information has been supplied by the inmate, including proper receipts, witnesses and investigative reports;

6. Whether the inmate submitted the claim in a timely manner;

6

7. Whether the loss or damage exceeds authorized amounts of correctional facility personal property limits;

8. Whether the personal property is considered contraband; and

9. Whether other reviewers recommended denial of the claim and the reasons therefor.

[N.J.A.C. 10A:2-6.2(a).]

If a claim is denied, the DOC must notify the inmate in writing and provide substantiating reasons. N.J.A.C. 10A:2-6.1(f).

In the present matter, the DOC followed the required procedures, utilizing an inmate inventory sheet to itemize all of Pina-Catena's personal property on the day he was transferred from SWSP to NJSP. Although none of the claimed property was itemized on the inventory sheet submitted by Pina-Catena, the DOC nonetheless conducted an investigation after receiving his claim, considered the N.J.A.C. 10A:2-6.2(a) factors before denying it, notified Pina-Catena in writing, and provided substantiating reasons. Moreover, Pina-Catena provided no proof whatsoever to support his bald assertion that the officers who packed his property were "[c]orrupt" or "rogue."

We are therefore satisfied there was "sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D), to support the DOC's reasons for denying

Pina-Catena's claim.  As such, the DOC's decision was not arbitrary, capricious, or unreasonable.  <u>Jenkins</u>, 412 N.J. Super. at 259.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1930-19